circumstances or their on-going relationship warranted.

■ Finally, when Judge Reasoner began the trial, no new conflict of interest issue had been raised or would have been apparent. At the start of trial, Ausler became disruptive and was removed from the courtroom, leaving standby counsel Jesse to try the case for the defense. Again, no showing of an actual conflict that adversely affected Jesse's performance at trial has been made, or even attempted.

■ Finally, Ausler argues that Magistrate Judge Jones and Judge Reasoner violated *Faretta v. California*, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975), when they incorrectly assumed that the non-responsive Ausler wished to represent himself *pro se* and failed to warn him of the harmful consequences of doing so. The district court denied a certificate of appealability on this issue, and we denied Ausler's motion to expand the certificate. Our review is limited to issues on which a certificate was granted. *See* 28 U.S.C. § 2253(c); *Fields v. United States*, 201 F.3d 1025, 1026 n. 2 (8th Cir.2000).

### III. Sentencing Issues

■ Ausler argues that the decision in *Booker* declaring the mandatory Sentencing Guidelines unconstitutional is retroactive; therefore, he is entitled to be resentenced under the post-*Booker* advisory guidelines regime. As Ausler acknowledges, we have held that "the 'new rule' announced in *Booker* does not apply to criminal convictions that became final before the rule was announced, and thus does not benefit movants in collateral proceedings." *Never Misses A Shot v. United States*, 413 F.3d 781, 783 (8th Cir.2005). We have continued to apply *Never Misses A Shot* after the Supreme Court's recent decisions in *Kimbrough v. United States*, — U.S. —, 128 S.Ct. 558, 169 L.Ed.2d 481 (2007), and *Gall v. United States*, —

U.S. —, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007). See *United States v. Brown*, 528 F.3d 1030, 1034 (8th Cir.), *cert. denied*, — U.S. —, 129 S.Ct. 331, 172 L.Ed.2d 238 (Oct. 6, 2008). We reject this claim. Ausler has preserved it for further appeal.

■ Finally, Ausler argues for the first time on appeal that we should remand pursuant to 18 U.S.C. § 3582(c) so he may petition the district court to adjust his sentence based on the 2007 amendment to the crack cocaine guideline. That issue must be raised in the first instance in the district court. See *United States v. Coleman*, 525 F.3d 665, 667 n. 2 (8th Cir.), and cases cited, *cert. denied*, 2008 WL 4107193 (Oct. 14, 2008).

The order of the district court dated May 14, 2007, is affirmed.

**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Malik SMITH, a/k/a Michael Marvin Montana, Tarid M. Smith, Tarik N. Smith, Tarik Smith, Tarik Marchand Smith, Tarik Malik Smith, Milik and Tarid Smith, Defendant–Appellant.**

No. 05–50375.

United States Court of Appeals, Ninth Circuit.

Sept. 30, 2008.

Craig H. Missakian, Esquire, Michael J. Raphael, Esquire, Assistant U.S., Office of

the U.S. Attorney, Los Angeles, CA, for Plaintiff–Appellee.

Davina T. Chen, Assistant Federal Public Defender, Federal Public Defender's Office, Los Angeles, CA, for Defendant–Appellant.

## ORDER

KOZINSKI, Chief Judge:

Upon the vote of a majority of nonrecused active judges, it is ordered that this case be reheard en banc pursuant to Circuit Rule 35–3. The three-judge panel opinion shall not be cited as precedent by or to any court of the Ninth Circuit.

---

**UNITED STATES of America, Plaintiff–Appellant,**

v.

**COMPREHENSIVE DRUG TESTING, INC., Defendant–Appellee.**

**Major League Baseball Players Association, Petitioner–Appellee,**

v.

**United States of America, Respondent–Appellant.**

**In re Search Warrants Executed On April 8, 2004 at Cdt, Inc.,**

**Seal 1, Plaintiff–Appellant,**

v.

**Seal 2, Defendant–Appellee.**

Nos. 05–10067, 05–15006, 05–55354.

United States Court of Appeals, Ninth Circuit.

Filed Sept. 30, 2008.

Erika R. Frick, USSF–Office of the U.S. Attorney, San Francisco, CA, for Plaintiff–Appellant.

David P. Bancroft, Jeffrey C. Hallam, Esq., David J. Silbert, Esq., Keker & Van Nest, LLP, San Francisco, CA, for Defendant–Appellee.

## ORDER

KOZINSKI, Chief Judge:

Upon the vote of a majority of nonrecused active judges, it is ordered that this case be reheard en banc pursuant to Circuit Rule 35–3. The three-judge panel opinion shall not be cited as precedent by or to any court of the Ninth Circuit.

---

**John James McFARLAND, Plaintiff–Appellant,**

v.

**Dirk KEMPTHORNE, in his capacity as Secretary of the Department of the Interior; Suzanne Lewis, in her capacity as Superintendent of Glacier National Park; United States of America; National Park Service, Defendants–Appellees,**

**National Parks Conservation Association, Defendant–intervenor–Appellee.**

No. 06–36106.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 7, 2008.

Filed Oct. 2, 2008.